IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01155-PAB

TCF BANK,

    Plaintiff,

v.

PHILLIP ANDREW WOLF,

    Defendant.
_____

**ORDER REMANDING CASE TO STATE COURT**
_____

The Court takes up this matter on plaintiff TCF National Bank's motion to remand [Docket No. 3] following defendant Phillip Andrew Wolf's notice of removal [Docket No. 1]. Because Mr. Wolf is proceeding in this case without the aid of an attorney, I must construe his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, the Court may not act as an advocate for a *pro se* litigant such as Mr. Wolf. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Despite construing Mr. Wolf's filings liberally, I find no basis by which the Court may exert jurisdiction over this case. Therefore, this action will be remanded to state court.

### A. Background

The present case involves the foreclosure of Mr. Wolf's residence in Golden, Colorado. At the time of removal, that property appears to have been in the midst of the expedited foreclosure process in state court as provided by Colorado Rule of Civil

Procedure 120. The notice of removal states that Mr. Wolf removed the case on the following grounds:

> 1. The above action was commenced against Defendant Wolf to foreclose upon real estate as the holder of a lien against said property. At least one subsequent lien were filed pursuant to 46 USC §31301, *et seq.*, *a fortiori*, they are maritime in nature.
>
> 2. At least one subsequent maritime lien are for amounts in excess of the fair market value of the subject property, and by their nature supersede all other liens not maritime in nature, such as Plaintiff's liens on the subject property.
>
> 3. Congress has delegated to the U.S. District Courts original jurisdiction over all matters in admiralty and in maritime. (See 28 USC §§ 1331 and 1333). Colorado State Courts lack jurisdiction to adjudicate in relation to these maritime interests.
>
> 4. Failure to Answer (RESPA),(TILA)QUALIFIED WRITTEN REQUEST.

Notice of Removal to the US District Court in Denver, CO [Docket No. 1] ("Notice of Removal") at 1. In addition to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* (2006), and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (2006), Mr. Wolf cites the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (2006). *See, e.g.*, Notice of Removal, ex. 1 (State Court Pleadings) at 19-22.

Pursuant to 28 U.S.C. § 1441, a state-court defendant may remove a case to federal court when a federal court would have had jurisdiction had the case been filed there originally. *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Mr. Wolf is explicit in explaining that he is not invoking the Court's diversity-based jurisdiction pursuant to 28 U.S.C. § 1332. *See* Notice of Removal at 1

("Diversities [sic] between the parties is not alleged."). Instead, he claims that the Court has federal-question jurisdiction under 28 U.S.C. § 1331 over at least portions of this case and supplemental jurisdiction over the remainder. Notice of Removal at 1-2. I also read the statements from the notice of removal which are excerpted above as invoking the Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333.

### B. Maritime Jurisdiction

Addressing the maritime jurisdiction question first, Mr. Wolf's theory is not viable. According to § 1333, "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled . . . ." 28 U.S.C. § 1333 (2006). Maritime jurisdiction exists over contracts that are "maritime in nature," that is, those contracts the principal objective of which is maritime commerce. *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 25-26 (2004). Maritime jurisdiction also exists over torts that occur on navigable water and torts in which a vessel on navigable water causes injury on land. *See Jerome B. Grubart, Inc. v. Great Lakes Dredge and Dock Co.*, 513 U.S. 527, 531-32 (1995). As the term is used in the United States Code, including the maritime provisions, "[t]he word 'vessel' includes every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water." 1 U.S.C. § 3 (2006).

Mr. Wolf admits that the present case involves the foreclosure of real property in Golden, Colorado. Contrary to Mr. Wolf's assertion, the Ship Mortgage Act, 46 U.S.C. § 31301 *et seq.* (2006), is not applicable to his case. There is no conceivable basis for

finding that the deed of trust on Mr. Wolf's landlocked property is maritime in nature. Mr. Wolf's real property is not a "vessel" under the law and, therefore, does not implicate the lien provisions of the Ship Mortgage Act. Finally, any potential torts in this case did not occur in navigable waters and were not caused by a vessel in navigable waters. Therefore, the Court does not have maritime jurisdiction under § 1333 over this case.

### C.  Federal Defenses and Counterclaims

Mr. Wolf's invocation of the Court's federal-question jurisdiction under § 1331 fares no better.  Pursuant to § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, --- U.S. ----, 129 S. Ct. 1262, 1272 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (internal quotation marks and alteration marks omitted).  In other words, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  A claim that is stated in terms of state law "may be removed to federal court in only two circumstances – when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank*, 539 U.S. at 8 (internal citation omitted).

Because plaintiff TCF Bank's pleadings in this foreclosure action are not based upon federal law, the case is not removable as a matter of course. Furthermore, this case does not implicate either of the exceptions to the well-pleaded complaint rule discussed above. Congress has not expressly provided for the removal of cases of this nature. Furthermore, regardless of whether RESPA, TILA, and the FDCPA invoke complete preemption – which is doubtful – none of plaintiff's claims are properly characterized as claims under RESPA, TILA, or the FDCPA. Instead, in his removal, Mr. Wolf is attempting to secure the jurisdiction of this Court based upon his federal defenses. It is without question, however, that "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense. . . ." *Vaden*, 129 S. Ct. at 1272 (citing *Louisville & Nashville R.R.*, 211 U.S. at 152).

Mr. Wolf recently filed a document entitled "Opposition and Motion to Amend Complaint" [Docket No. 6]. The document does not provide any theory under which this Court may exercise jurisdiction over this case. Furthermore, to the extent that Mr. Wolf attempts to assert a counterclaim under federal law, that attempt is procedurally improper and otherwise ineffective in conferring jurisdiction on this Court. *See Vaden*, 129 S. Ct. at 1272-73 ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); *see also Holmes Group, Inc. v. Vornado Air Circulation Sys. Inc.*, 535 U.S. 826, 831-32 (2002). Therefore, the Court lacks federal-question jurisdiction under § 1331 over this case as well.

As the party invoking the Court's jurisdiction, Mr. Wolf bears the burden of demonstrating that jurisdiction as a threshold matter. *See Radil v. Sanborn W. Camps,*

5

*Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). The Court is required to ensure that Mr. Wolf has met that burden before it allows this case to proceed any further in this forum. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Because Mr. Wolf has failed in this regard, the Court must remand this case to state court. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

### D. Attorneys' Fees and Costs

In its motion to remand, plaintiff TCF National Bank requests that the Court award it the costs and expenses it incurred as a result of Mr. Wolf's removal of this case. While plaintiff does not identify the legal basis for its request, I interpret its request as being made pursuant to 28 U.S.C. § 1447(c). Pursuant to § 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2006). The decision of whether to award costs and expenses under § 1447(c) rests in the discretion of the district court. *See Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1147 (10th Cir. 2004), *aff'd*, 546 U.S. 132 (2005); *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 325 (10th Cir. 1994). This decision, however, is guided by the standards articulated by the Tenth Circuit Court of Appeals.

For example, although § 1447(c) requires "a showing that the removal was improper *ab initio*," *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997), "a plaintiff is not automatically entitled to attorney's fees simply because removal was ultimately determined to be improper." *Martin*, 393 F.3d at 1147. Rather, the analysis

6

that focuses on the propriety of the removal asks whether the removing party had a legitimate, fair, or objectively reasonable basis for removing the case. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005); *Suder*, 116 F.3d at 1353; *Daleske*, 17 F.3d at 324-25; *see also Martin*, 393 F.3d at 1147-48. Furthermore, although a finding of bad faith by the removing party is not a prerequisite to an award of costs and expenses under § 1447(c), evidence regarding the intent and diligence of the removing party need not be ignored in evaluating the removal. *See Daleske*, 17 F.3d at 324.

In the present case, plaintiff TCF National Bank does not make arguments specifically addressed to its request for attorneys' fees and costs. Instead, plaintiff appears to be relying on Mr. Wolf's pre-litigation behavior and questionable use of maritime liens. While Mr. Wolf's legal theories do not provide a basis for removal, the Court cannot say that his removal of this case was sufficiently unreasonable for someone with his limited legal background. Therefore, based on the record before the Court, plaintiff TCF National Bank's request for attorneys' fees and costs is denied.

### E. Conclusion

Based on the foregoing, it is

**ORDERED** that plaintiff TCF National Bank's motion to remand [Docket No. 3] is GRANTED in part and DENIED in part. Pursuant to 28 U.S.C. § 1447(c), and due to this Court's lack of subject-matter jurisdiction, this case is REMANDED to the District Court for Gilpin County, Colorado, where it was originally filed as Case No. 2010CV33. Plaintiff TCF National Bank's request for attorneys' fees and actual expenses under 28 U.S.C. § 1447(c) is DENIED.

7

DATED June 29, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge